**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

EDWARD COMPTON TREISBACK,     )
    )
    Plaintiff,     )
    )
v.     )     Case No. CIV-16-266-W
    )
FEDERAL TRANSFER CENTER,     )
OKLAHOMA CITY, OKLAHOMA; WARDEN     )
AND CHIEF OF SECURITY; HEALTH     )
SERVICE ADMINISTRATOR,     )
    )
    Defendants.     )

## REPORT AND RECOMMENDATION

Plaintiff, Edward Compton Treisback, a federal prisoner appearing pro se and in forma pauperis, brings this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of his federal constitutional rights.[1]  The matter has been referred by United States District Judge Lee R. West for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).  After an initial review of Plaintiff's Complaint [Doc. No. 1], as required by 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), the undersigned recommends the Complaint be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Plaintiff filed his complaint on a form designed for civil rights actions brought pursuant to 42 U.S.C. § 1983.  Section 1983 creates a remedy to redress a deprivation of a federally protected right by a person acting under color of *state law*.  It does not apply, however, to a person acting under color of *federal law*.  *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 398 n. 1, (1971) (Harlan, J., concurring); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir.1984).  In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001).

## I.    **Plaintiff's Claims**

Plaintiff alleges his constitutional rights were violated during his three-day incarceration at the Federal Transfer Center in Oklahoma City (FTC-Oklahoma City) between May 11, 2015, and May 13, 2015. His claims are outlined in the Nature of the Case section of his Complaint:

> While I was being moved to Chicago, I was detained at the Federal Transfer Center in Oklahoma, on May 11, 2015.
>
> After being placed in a cell with a known violent criminal, in general population, I was beaten unconscious, moved out of my cell up to the dayroom floor, where I awoke in a pool of my own blood. My cell-mate assaulted me after he discovered my federal charges.
>
> I then got up and struggled to get to the exit door of the dorm, where many men were standing around staring at me in my predicament. A guard came and let me out into the hall, where I bled another pool of blood. Then I was led to a medical room where I was stitched and bandaged, and I was photographed. This all began late at night (9:30 or 10:00).
>
> I was then taken and placed in a holding cell, where I remained until leaving the facility on May 13, 2015. During my time in this hold, I never saw a doctor for an evaluation of my injuries, and never had my bandages changed or my wounds inspected. For I had multiple lacerations to my head and a bleeding ear.
>
> I was never questioned, or asked to give a statement for an incident report.

[Doc. No. 1] at 2.

In Count I, Plaintiff alleges the Warden of FTC-Oklahoma City and the "Chief of Security" failed to protect him from harm "despite the sensitivity of my charges." In Count II, Plaintiff contends the "Health Services Administrator" violated his constitutional rights because "they" did not check or redress his injuries, properly examine him to discern the extent of his injuries, or address his bleeding ear. [Doc. No. 1] at 3.

Plaintiff is seeking relief in the form of compensatory and punitive damages and a formal apology by the facility. Additionally, he requests that his federal conviction be reversed and his criminal record expunged. [Doc. No. 1] at 5.[2]

## III.    Standard of Review

Where, as here, a prisoner is proceeding in forma pauperis, the court must dismiss the case if, at any time, the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), *see also* 28 U.S.C. § 1915A(b)(1).

The court's review of a complaint under § 1915(e)(2)(B) and § 1915A(b) mirrors that required by Fed. R. Civ. P. 12(b)(6). The court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[2] In part, Plaintiff is seeking relief that can only be provided by successfully prosecuting a habeas action. Reversing convictions and expunging records are not in the nature of relief available in a civil rights action.

IV.    **Analysis**

A.    **Personal Participation**

Plaintiff does not identify any defendant by name, nor does he specify what role, any of these defendants allegedly played in the alleged constitutional violations.   The Tenth Circuit Court of Appeals has stressed the importance of pleading with particularity in civil rights actions:

> Because § 1983 and *Bivens* are vehicles for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants. "[I]t is particularly important" that plaintiffs "make clear exactly who is alleged to have done what to whom, ... as distinguished from collective allegations." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (alteration in original) (*quoting Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008)) (internal quotation marks omitted).

*Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013).

In this case, Plaintiff has failed to allege sufficient facts to demonstrate that any of the three defendant supervisors were personally and deliberately indifferent to either his safety or serious medical needs.   Rather, he has attempted to prosecute his civil rights complaint by identifying these defendants based solely on their supervisory positions—the Warden, the Chief of Security and the Health Services Administrator.   As Plaintiff does not allege any facts with any particularity about what role, if any, these supervisors played in the alleged violation of his constitutional rights, the Court is left with the conclusion that Plaintiff is attempting to procure damages from them based only on their positions as supervisors.   But vicarious liability, based on the theory of respondeat superior, does not exist in a *Bivens* case: "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).   This, Plaintiff has failed to do so.   Because Plaintiff has

failed to state a plausible claim upon which relief may be granted against any of the three named supervisors, his complaint should be dismissed without prejudice.

### B. Plaintiff's Claims Against the United States and any Federal Agent in His or Her Official Capacity Are Barred by Sovereign Immunity

Plaintiff names FTC-Oklahoma City as a defendant. Whether or not Plaintiff was intending to sue the United States or the Bureau of Prisons by adding the name of this facility to the list of defendants is far from clear. If so, however, his *Bivens* claims against the government, or its agency must be dismissed on grounds of sovereign immunity. *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (a federal prisoner in a BOP facility may bring a *Bivens* action against an officer acting in his individual capacity but "[t]he prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."); *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) ("A *Bivens* action may not be brought against federal agencies or agents acting in their official capacities."). Because a claim against a federal agent acting in an official capacity is essentially a claim against the United States, any such official capacity claims must also be dismissed on grounds of sovereign immunity. *See Gowadia v. Stearns*, 596 F. App'x 667, 67-71 (10th Cir. 2014) (*citing Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001)).

## RECOMMENDATION

It is recommended that the Complaint [Doc. No. 1] be dismissed without prejudice upon initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. If this Report and Recommendation is adopted, the dismissal should immediately be counted as a "strike" pursuant to 28 U.S.C. § 1915(g). *Coleman v. Tollefson*, ___ U.S. ___, 135 S. Ct. 1759, 1763 (2015) (the three strikes provision

applies where a prisoner has, on 3 or more prior occasions ... brought an action or appeal ... *that was dismissed* on grounds listed in 28 U.S.C. § 1915(g)).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by May 16, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

ENTERED this 25th day of April 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE